# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALLY R. BEER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-351-AMG |
| ) | |
| KILOLO KIJAKAZI, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sally R. Beer ("Plaintiff") brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under the Social Security Act. (Doc. 1). Defendant has answered the Complaint and filed the administrative record ("AR"). (Docs. 11, 12). The parties have briefed the issues (Docs. 21, 25, 26) and consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) (Docs. 15, 16). Based on the Court's review of the record and the issues presented, the Court reverses Defendant Commissioner's decision, and the case is remanded for further consideration consistent with this order.

**I.   The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the

Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[1] whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the Plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience."  *Id.*  "The claimant is entitled to disability benefits only if he is not able to perform other work."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA,* 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the

---

[1] RFC is "the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. § 416.945(a)(1).

record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.   Procedural History

Plaintiff filed an application for DIB and SSI benefits alleging a disability onset date of March 8, 2017. (AR, at 192-206). The SSA denied the applications initially and on reconsideration. (*Id*. at 134-142, 145-158). An administrative hearing was then held on September 19, 2018. (*Id*. at 59-86). The Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 7-24). The Appeals Council denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## III.   The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 8, 2017, the alleged onset date. (AR, at 12). At Step Two, the ALJ found that Plaintiff had the severe impairments of rheumatoid arthritis, degenerative joint

disease of the left knee with consequential RSD, bilateral carpal tunnel syndrome, and bilateral cubital tunnel syndrome. (*Id*. at 12-13). The ALJ found that Plaintiff's medically determinable mental impairments of anxiety disorder, depression, and attention deficit disorder (ADD), considered singly and in combination, were non-severe. (*Id*. at 13-14).

At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (*Id*. at 14-15). The ALJ then determined that Plaintiff had the RFC to perform sedentary work except with no more than frequent grip, handle, finger, and feel bilaterally. (*Id*. at 15). At Step Four, the ALJ found that Plaintiff could not perform her past relevant work, but at Step Five he found that she could perform jobs existing in significant numbers in the national economy, such as document specialist, escort vehicle driver, and surveillance system monitor. (*Id*. at 18-20). Accordingly, the ALJ found that Plaintiff had not been under a disability since March 8, 2017. (*Id*. at 20).

**IV.   Issues Presented**

On appeal, Plaintiff raises two issues regarding the ALJ's analysis. (Doc. 21, at 3). First, she asserts that the ALJ failed to follow the required legal standards and so his findings are not supported by substantial evidence. (*Id*.) Specifically, she asserts that the ALJ failed to properly consider her chronic pain syndrome, her upper extremity limitations, and her mental impairments, which caused him to commit error in formulating the RFC and questioning the Vocational Expert ("VE"). (*Id*. at 4-12). Plaintiff also asserts that the ALJ failed to properly consider Plaintiff's consistency regarding her symptom of pain. (*Id*. at 3, 13-15).

## V.    Analysis: The ALJ Failed To Adequately Consider Plaintiff's Non-Severe Mental Impairments in Formulating the RFC.

The ALJ found that Plaintiff has the "medically determinable mental impairments of anxiety disorder, depression, and attention deficit disorder (ADD)." (AR at 13). The ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders, the "paragraph B criteria." (*Id.* at 13-14). He determined that Plaintiff has mild limitations in understanding, remembering or applying information, interacting with others, and concentrating, persisting or maintaining pace, and no limitation in adapting or managing oneself. (*Id.*) Accordingly, he found that Plaintiff's mental impairments, "considered singly and in combination, do not cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental work activities and are therefore nonsevere." (*Id.* at 13).

Plaintiff first argues that the ALJ's finding of mild mental limitations miscasts the record and was error. (Doc. 21, at 8). However, the ALJ provided a detailed summary and analysis of the evidence of Plaintiff's mental functioning and symptoms, including his determination that the opinions of the state agency psychological consultants, making the same findings, were persuasive.[2] (AR, at 13-14). Thus, the ALJ's decision about the non-

---

[2] At step two, the ALJ did erroneously state "[t]he medical evidence of record does not indicate . . . medications for depression." (AR, at 13). However, this appears to be a harmless misstatement, as the ALJ later notes that Plaintiff's "psychotropic medications when taken as prescribed are relatively effective in managing the [Plaintiff's] symptoms and controlling mood." (*Id.* at 14).

severity of Plaintiff's mental impairments was supported by substantial evidence.[3]  But Plaintiff goes on to argue that the ALJ failed to properly consider these non-severe mental impairments in formulating the RFC and in questioning the VE.  The Court agrees.

In assessing a claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe.  20 C.F.R. § 404.1545(a)(2); Social Security Ruling 96-8p, 1996 WL 374184, at *4 (July 2, 1996).  The SSA has specifically stated that the criteria used at Steps Two and Three of the analysis to rate the severity of mental impairments are "not an RFC assessment," and that

> [t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].

Social Security Ruling 96-8p, 1996 WL 374184, at *4.  While the ALJ's opinion explicitly acknowledged this legal standard, his only further statement about Plaintiff's mental impairments was at the end of his Step 2 analysis, that "the following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."  (AR, at 14).

---

[3] Because the ALJ found that Plaintiff had other severe impairments, any error in finding that Plaintiff's mental impairments were non-severe was harmless.  *See Cabe v. Saul*, 2021 WL 1225885, at *2 (W.D. Okla. Mar. 31, 2021) ("If an ALJ deems at least one impairment severe and proceeds to the remaining steps of the evaluation, any error at step two in failing to deem a certain impairment severe is considered harmless.") (citing *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (stating that "any error [at step two] became harmless when the ALJ reached the proper conclusion that [the plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence")).

The RFC contained no mental limitations, and the ALJ's justification for the RFC made only brief or oblique references to Plaintiff's mental state or mental functioning. Those references were: that in December 2017, Plaintiff showed "improved ability to get along with family and friends and improved mood;" in March of 2018, Plaintiff reported "increased stress" and that she had "accidentally mixed up medication bottles and took her boyfriend's medication instead of her own;" and that her activities of daily living included "independent personal care, preparing meals . . . going out alone . . . spending time with others. . . [and] caring for her step-daughter." (AR at 17-18). The ALJ's most direct reference to Plaintiff's mental functioning was his summary of the third-party function report completed by Plaintiff's boyfriend, in which he stated that Plaintiff drives, shops, handles financial affairs, spends time with others and visits her mother, that with Adderall she is able to pay attention, and that she is ok with following written and spoken instructions. (*Id*. at 16). However, the ALJ then effectively dismissed the boyfriend's statements as evidence because they were "not consistent with the medical evidence and other evidence of record" and because he found the opinions of the medical sources "more persuasive." (*Id*. at 18). The ALJ did not attempt to tie any of this evidence to his decision not to include mental limitations in the RFC.

In *Wells v. Colvin*, 727 F.3d (10th Cir. 2013), the Tenth Circuit Court of Appeals condemned this type of Step Four analysis, stating:

> [A] conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five. In his RFC assessment, the ALJ must consider the combined effect of *all* medically determinable impairments, whether severe or not. Here, after stating

> his conclusion that [the plaintiff's] mental impairments were non-severe, the ALJ stated that "[t]hese findings do not result in further limitations in work-related functions in the [RFC] assessment below." He then reiterated his conclusion that the mental impairments were non-severe. The language used suggests that the ALJ may have relied on his step-two findings to conclude that [the plaintiff] had no limitation based on her mental impairments. If so, this was inadequate under the regulations and the Commissioner's procedures.

727 F.3d at 1068-69 (internal citations omitted).  Simply stated, "the Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Id*. at 1065.  Rather, "the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id*.

The ALJ in this matter did precisely what the Tenth Circuit condemned in *Wells* – he relied on his Step Two finding that Plaintiff's acknowledged mental impairments of anxiety disorder, depression, and ADD were non-severe as a substitute for a more specific RFC analysis.  Reversal of the Commissioner's decision and remand for further administrative proceedings is warranted for a reconsideration of the effect of Plaintiff's mental impairments in formulating the RFC and the subsequent analytical steps.

Because this error alone requires remand, the Court need not address the other arguments raised by Plaintiff.  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties.

Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision. On remand, the ALJ shall properly assess the evidence of Plaintiff's mental impairments in accordance with this Court's findings set forth above.

ENTERED this 26th day of August, 2021.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE